## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| STEVEN SCHOESSLER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>SHANE JONES, DANIEL IRVING, DAVE REHA, MARTY ARGANBRIGHT, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES WITH THE CITY OF STUART POLICE DEPARTMENT AND GUTHRIE COUNTY SHERIFF'S OFFICE; CITY OF STUART AND GUTHRIE COUNTY, IOWA,<br><br>　　　　　Defendants. | NO.　4:23-cv-148<br><br>Guthrie County District Court<br>Case No. LACV083426<br><br><br>**NOTICE OF REMOVAL** |

COME NOW Defendants, Daniel Irving, Dave Reha, and the City of Stuart, by and through the undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and 1446, and hereby remove the above-captioned case from the Iowa District Court for Guthrie County to the United States District Court, Southern District of Iowa, Central Division. In support removal, Defendants state the following:

　　　1.　　This action was originally filed in the Iowa District Court for Guthrie County by Plaintiff, on or about April 19, 2023.

　　　2.　　 Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Original Notice and Petition are attached as Exhibit 1.

　　　3.　　Defendants Daniel Irving, Dave Reha, and the City of Stuart were served with the Petition in this matter on April 24, 2022.

　　　4.　　This case may be removed from the Iowa District Court for Guthrie County to this Court pursuant to 28 U.S.C. § 1331. The United States District Court has original

jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

5.      This is a civil action in which Plaintiff is alleging, among other things, violations of federal and state constitutional rights and state common law claims.

6.      Pursuant to 28 U.S.C. § 1367(a), the United States District Court has supplemental jurisdiction over Plaintiff's related state law claims.

7.      The acts of which Plaintiff complains are alleged to have occurred in Guthrie County, Iowa.

8.      The time for filing this notice of removal has not expired because thirty (30) days have not passed since April 24, 2023, the dates on which these Defendants were served with the Petition.

9.      Defendants Shane Jones, Marty Arganbright and Guthrie County, Iowa have consented to the filing of this notice of removal.

10.     Defendants have not been served with, and are not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court for Guthrie County.

11.     Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution, and a copies of all process, pleadings, and orders filed in the state case are attached herein.

12.     Counsel that has appeared on behalf of the Plaintiff in state court are:

Matthew M. Boles
Adam C. Witosky
2015 Grand Ave., Ste. 200
Des Moines, IA  50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
mboles@gbswlaw.com
awitosky@gbswlaw.com

13.     Counsel that is expected to appear on behalf of the Defendants Shane Jones, Marty Arganbright and Guthrie County, Iowa is:

> Jason C. Palmer
> 1045 76th Street, Ste. 3000
> West Des Moines, IA 50266
> Telephone: (515) 823-0458
> Facsimile: (515) 298-6536
> jpalmer@ldmlaw.com

14.     This Notice of Removal is being served upon Plaintiff's counsel and Counsel for Defendants Shane Jones, Marty Arganbright and Guthrie County, Iowa, by electronic mail and is being filed with the Clerk of the Iowa District Court for Guthrie County.

**WHEREFORE**, Defendants Daniel Irving, Dave Reha, and the City of Stuart, give notice that the above-captioned action now pending in the Iowa District Court for Guthrie County is removed therefrom to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

Douglas L. Phillips   #AT0006251
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS DANIEL IRVING, DAVE REHA, and THE CITY OF STUART

Copy to:

Matthew M. Boles
Adam C. Witosky
2015 Grand Ave., Ste. 200
Des Moines, IA  50312

Jason C. Palmer
1045 76th Street, Ste. 3000
West Des Moines, IA 50266

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on _____5/2_____, 2023.
By: _____ U.S. Mail            _____ facsimile
      _____ Hand delivered        _____ Overnight courier
      __X___ Email                   __X___ ECF

Signature ___/S/ Christine Brenden_____

## IN THE IOWA DISTRICT COURT FOR GUTHRIE COUNTY

| | |
|---|---|
| STEVEN SCHOESSLER,<br>       Plaintiff,<br><br>vs.<br><br>SHANE JONES, DANIEL IRVING, DAVE REHA, MARTY ARGANBRIGHT, individually and in their official capacities with the City of Stuart Police Department and Guthrie County Sheriff's Office; CITY OF STUART, and GUTHRIE COUNTY, IOWA,<br><br>       Defendants. | CASE NO.<br><br><br>ORIGINAL NOTICE |

TO DEFENDANT:       CITY OF STUART

You are notified that a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorneys are **Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, 2015 Grand Avenue, Ste. 200, Des Moines, IA 50312; (515) 235-0551, fax (515) 243-3696.**

This Petition was filed on April 19, 2023.

**This case has been filed in a county that uses electronic filing.** Therefore, unless the attached Petition contains a hearing date for your appearance, you must electronically file a motion or answer within twenty (20) days after service of this Original Notice upon you. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16, pertaining to the use of the electronic document management system. For court rules on protection of personal privacy in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)286-3394.  If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

EXHIBIT

1

E-FILED  2023 APR 19 12:46 PM GUTHRIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACV083426**
*County* **Guthrie**

*Case Title* SCHOESSLER V. JONES, IRVING, REHA, ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2023 12:46:48 PM**



*District Clerk of Court or/by Clerk's Designee of* Guthrie          *County*
**/s/ Kayla Willms**

## IN THE IOWA DISTRICT COURT FOR GUTHRIE COUNTY

| | |
|---|---|
| STEVEN SCHOESSLER,<br>　　　　Plaintiff,<br>vs.<br><br>SHANE JONES, DANIEL IRVING,<br>DAVE REHA, MARTY<br>ARGANBRIGHT, individually and<br>in their official capacities with the<br>City of Stuart Police Department<br>and Guthrie County Sheriff's Office;<br>CITY OF STUART, and GUTHRIE<br>COUNTY, IOWA,<br><br>　　　　Defendants. | Civil No.:　LACV083426<br><br><br><br>PETITION AT LAW and JURY<br>DEMAND |

COMES NOW, the Plaintiff, Steven Schoessler, and for his Petition at Law and Jury Demand states:

### PARTIES

1.　　Plaintiff Steven Schoessler (hereinafter "Steven") is a citizen and resident of Osceola, Clarke County, Iowa at all times relevant to the events complained of herein.

2.　　Defendant Shane Jones is believed to be a citizen and a resident of Iowa and was employed as a Deputy Sheriff for the Guthrie County Sheriff's Office at all times relevant to the events complained of herein.

3.　　Defendant Daniel Irving is believed to be a citizen and resident of Iowa and was employed as a police officer for the Stuart Police Department at all times relevant to the events complained of herein.

1

4.     Defendant Dave Reha is believed to be a citizen and resident of Iowa and was employed as the Chief of Police for the Stuart Police Department at all times relevant to the events complained of herein.

5.     Defendant Marty Arganbright is believed to be a citizen and resident of Iowa and was employed as the Sheriff for the Guthrie County Sheriff's Office at all times relevant to the events complained of herein.

6.     Defendant City of Stuart, Iowa is a municipal corporation organized and authorized to operate under the laws of the State of Iowa and is located at 119 East Front Street, Stuart, Guthrie County, Iowa 50250. Defendant City is responsible for maintaining and operating the Stuart Police Department.

7.     Defendant Guthrie County, Iowa is a county corporation organized and authorized to operate under the laws of the State of Iowa and is located at 200 North 5th Street, Guthrie Center, Iowa 50115. Defendant County is responsible for maintaining and operating the Guthrie County Sheriff's Office.

## JURISDICTION AND VENUE

8.     Jurisdiction of the District Court is proper pursuant to Iowa Code §602.6101.

9.     All events, actions, injury, and damages referenced in this Petition occurred in Guthrie County, therefore venue is proper pursuant to Iowa Code §616.18.

10.     The amount in controversy exceeds the jurisdictional limits of small claims.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

12.     On May 14, 2022, Steven Schoessler arrived at the apartment complex located at 904 Baker Street, Casey, Guthrie County, Iowa.

13.     Steven was there to see a resident of the complex, named Collette Marnin.

14.     When Ms. Martin did not answer, Steven began to talk to neighbors Dana Walker and Les Cassady, asking if Collette was there.

15.     Steven then left in his vehicle and returned twenty (20) minutes later.

16.     Here, one of the residents of the complex, Ms. Walker, informed Steven that Ms. Martin was not home.

17.     After an interaction with Steven, Ms. Walker called 911 to report a male with erratic behavior.

18.     In responding to the call, Defendant Shane Jones arrived at 904 Baker Street, Casey, Iowa at approximately 8:44 p.m.

19.     Deputy Jones is K9 handler.

20.     Urs, a K-9 certified in detecting illegal narcotics and used by the Guthrie County Sheriff's Office to conduct drug sniffs, was in Deputy Jones' vehicle.

21.     Immediately upon arrival, Deputy Jones encountered Steven and within twenty (20) seconds, detained him.

22.     Furthermore, Officer Daniel Irving arrived at the scene at 8:37 and testified that upon arrival, Deputy Jones had Steven arrested, informing him of his

3

detention.

23.    Officer Irving testified he was asked to respond to 904 Baker Street to assist Deputy Jones with Steven.

24.    Prior to placing Steven into custody, Deputy Jones asked merely one question, "Is the white Dodge Dakota Steven's vehicle?"

25.    Deputy Jones' justification was that Steven fit the description of the person who operated the white Dodge Dakota and that he appeared intoxicated, holding a glass Coke bottle.

26.    At no point did Deputy Jones request a field sobriety test to ascertain whether Steven was in fact intoxicated.

27.    Neither Deputy Jones nor Officer Irving said that they could smell marijuana from either Steven or the vehicle.

28.    After placing Steven in custody, Deputy Jones decided on his own to tow Steven's white Dodge Dakota for allegedly being parked in a handicapped spot.

29.    Deputy Jones testified that it was up to the officer's discretion as to when an officer can have a vehicle towed and that there was no written policy.

30.    Further, Deputy Jones testified when an officer decided to tow or impound vehicles, there is usually an inventory sheet completed which noted the items contained within the vehicle for safeguarding during the impoundment.

31.    Deputy Jones did not complete an inventory sheet upon the search of Steven's vehicle and many items are missing.

32.    After requesting dispatch contacted Hawkins Tow Service, at

4

approximately 9:20 p.m., Iowa State Trooper Ethan Warrior arrived to assist Deputy Jones and Officer Irving.

33.    However, it was testified to that Steven's vehicle was parked legally.

34.    According to the testimony of Officer Irving, Deputy Jones and Officer Irving were purportedly told by a resident that Steven's vehicle was parked illegally but both officers' body cameras were turned off when they were allegedly told this.

35.    Further a resident of the apartment complex testified that it was not a handicapped spot and that it is "normally where [they] park."

36.    Prior to towing the vehicle, at 9:23 p.m., Deputy Jones decided to deploy his K-9 police dog, Urs, around the vehicle for an "open-air sniff."

37.    Deputy Jones' justification for deploying Urs was because of the "area" and the person Steven was there to see was a "known narcotics user."

38.    However, Deputy Jones testified that the reason for impounding the vehicle had nothing to do with the vehicle being in a suspected area, just that it was parked illegally.

39.    Following the deployment, Deputy Jones testified that Urs "alerted" Deputy Jones of the presence of narcotics in the vehicle, therefore justifying the search of Steven's vehicle.

40.    However, Urs did not "alert" to the presence of drugs. Deputy Jones' body camera footage showed Urs merely performing his smell test and going back and forth alongside the vehicle.

41.    Deputy Jones decided on his own that based on Urs actions, he was

5

"calling that an alert" and therefore had probable cause to search the vehicle.

42.     Urs' final indication of the presence of illegal narcotics is to sit and stare or stand and stare at the handling Officer.

43.     Neither during or after the free air drug sniff did Urs exhibited this final indication of sitting or staring at Deputy Jones.

44.     Instead, Urs was running back and forth, breathing deeply, and standing on his hind legs attempting to smell a scent strong enough to give a true alert.

45.     As a result of the "alert," at approximately 9:30 p.m., Deputy Jones, Officer Irving, and Trooper Warrior searched the vehicle which turned up, "multiple glass jars with a green leafy substance," "a bag with a white crystalline substance," and "what appeared to be homemade drug paraphernalia and items with residue."

46.     Deputy Jones did not have a warrant to search the truck.

47.     Deputy Jones did not have probable cause to search the truck.

48.     Deputy Jones subsequently collected the items and placed them in his vehicle and along with Steven, departed the scene for the Guthrie County Sheriff's Office.

49.     On May 15, 2022, Steven was charged with two counts of a Controlled Substance Violation regarding the marijuana and methamphetamine in violation of Iowa Code § 124.401(1)(B)(7). Further, Steven was charged with two counts of Failure to Affix Drug Stamp in violation of Iowa Code § 453B.12 as a result of the drugs found in Steven's vehicle.

50.    As a result of these complaints against Steven, the criminal case *State v. Schoessler*, FECR022414 was filed in the Iowa District Court for Guthrie County.

51.    On or about November 3, 2022, Steven Schoessler's criminal defense counsel filed a Motion to Suppress from the incident described herein.

52.    This Motion to Suppress was premised on the warrantless search and seizure of Steven and his vehicle and any statements or admissions of Steven as fruits of the poisonous tree.

53.    On or about January 9, 2023, Judge Stacy Ritchie, District Court Judge for the Fifth Judicial District of Iowa, granted Steven's Motion to Suppress, ordering suppression of all evidence seized during the search of the Dodge Dakota. Seven spent 251 days incarcerated on this bad stop, search and illegal arrest.

### CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Unreasonable Search – Unlawful Search of a Vehicle*
### *(Against Deputy Jones and Officer Irving, individually)*

54.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

55.    Shane Jones is a person for the purposes of a Section 1983 action for damages.

56.    Daniel Irving is a person for the purposes of a Section 1983 action for damages.

57.    At all times material hereto, Shane Jones' actions and/or omissions were made under the color of authority and law as a Deputy Sheriff for the Guthrie County

Sheriff's Office.

58.     At all times material hereto, Daniel Irving's actions and/or omissions were made under the color of authority and law as a officer for the Stuart Police Department.

59.     On May 14, 2022, Deputy Shane Jones and Officer Daniel Irving violated Plaintiff's clearly established constitutional rights by conducting an interior search of a vehicle without consent, a warrant, or other legal justification to do so.

60.     Steven had privacy interests in the vehicle searched.

61.     Deputy Jones and Officer Irving demonstrated a deliberate indifference to and reckless disregard of Steven's civil and constitutional rights by effecting an unconstitutional search.

62.     The actions of Deputy Jones and Officer Irving were willful, wanton, unlawful, and in gross disregard of Steven's civil rights, justifying an award of punitive damages.

63.     Plaintiff requests reasonable attorney fees and costs associated with prosecuting this action pursuant to 42 U.S.C. §1988.

64.     As a direct and proximate result of Deputy Jones and Officer Irving's illegal and unjustified conduct, Steven has and will in the future suffer and incur the following damages:

    a.   Deprivation of his constitutional rights;

    b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Consequential damages;

d. Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

e. Punitive damages;

f. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

g. Other damages as allowed by law.

**WHEREFORE,** Steven Schoessler, prays for judgment against the aforementioned Defendants Shane Jones and Daniel Irving as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Plaintiff's costs in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

d. Punitive damages; and,

e. Such relief as the Court deems just and equitable.

### COUNT II
VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
***Right to be Free from Unreasonable Search – Unlawful***
***Search of a Vehicle***
*(Against Deputy Jones and Officer Irving, individually)*

65.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

66.     At all times material hereto, Shane Jones' actions and/or omissions were made under the color of authority and law as a Deputy Sheriff for the Guthrie County Sheriff's Office.

67.   At all times material hereto, Daniel Irving's actions and/or omissions were made under the color of authority and law as a officer for the Stuart Police Department.

68.   On May 14, 2022, Deputy Shane Jones and Officer Daniel Irving violated Plaintiff's clearly established constitutional rights by conducting an interior search of a vehicle without consent, a warrant, or other legal justification to do so.

69.   Steven had privacy interests in the vehicle searched.

70.   Deputy Jones and Officer Irving demonstrated a deliberate indifference to and reckless disregard of Steven's civil and constitutional rights by effecting an unconstitutional search.


71.   The actions of Deputy Jones and Officer Irving were willful, wanton, unlawful, and in gross disregard of Steven's civil rights, justifying an award of punitive damages.

72.   Steven requests reasonable attorney fees and costs associated with prosecuting this action as Deputy Jones and Officer Irving's violation of Plaintiff's constitutional rights were oppressive, conniving, harsh, cruel, and/or tyrannical.

73.   As a direct and proximate result of Deputy Jones and Officer Irving's illegal and unjustified conduct, Steven has and will in the future suffer and incur the following damages:

  a.   Deprivation of his constitutional rights;

  b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    e.  Punitive damages;

    f.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    g.  Other damages as allowed by law.

**WHEREFORE,** Steven Schoessler, prays for judgment against the aforementioned Defendants Shane Jones and Daniel Irving as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Plaintiff's costs in this action, including but not limited to reasonable attorney's fees and costs available at common law;

    d.  Punitive damages; and,

    e.  Such relief as the Court deems just and equitable.

**COUNT III**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
***Monell Liability for Right to be Free From Warrantless Search – Direction of Drug Sniffs of Vehicles***
***(Against Defendants Marty Arganbright, in his official capacity and Guthrie County)***

74.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

75.    Marty Arganbright is a person for the purposes of Section 1983 action for damages.

76.    Guthrie County is a person for the purposes of a Section 1983 action for damages.

77.    At all times material hereto, Shane Jones' actions and/or omissions were made under the color of authority and law as a Deputy Sheriff for the Guthrie County Sheriff's Office.

78.    At all times material hereto, Marty Arganbright's actions and/or omissions were made under the color of authority and law as Sheriff of the Guthrie County Sheriff's Office.

79.    At all times material hereto, Chief Arganbright was an administrative officer with final policymaking authority for Guthrie County.

80.    Guthrie County has failed to establish, maintain, and/or enforce official policies, patterns, practices, or customs prohibiting law enforcement officers from directing drug dogs to sniff the interior of vehicles in the absence of a warrant or probable cause.

81.    Alternatively, Guthrie County has established, maintained, and/or enforced official policies, patterns, practices, or customs permitting law enforcement officers to direct drug dogs to sniff the interior of vehicles in the absence of a warrant or probable cause.

82.    Prior to the events described *supra*, Guthrie County deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish

an adequate and sufficient policy and procedure for training or supervising law enforcement officers on directing drug dogs to search the interior of vehicles in the absence of a warrant or probable cause.

83.    Alternatively, prior to the events described *supra*, Guthrie County deliberately and with reckless disregard for the constitutional rights of its citizens established inadequate and insufficient policy and procedure for training or supervising law enforcement officers on directing drug dogs to search the interior of vehicles in the absence of a warrant or probable cause.

84.    Sheriff Arganbright and Guthrie County deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers and employees within the Guthrie County Sheriff's Office as to directing drug dogs to search the interior of vehicles in the absence of a warrant or probable cause.

85.    The acts and/or omissions of Sheriff Arganbright and Guthrie County regarding Guthrie County Sheriff Office officers and employees amounted to deliberate indifference to the rights and safety of citizens, including Plaintiff.

86.    The actions and/or omissions of Sheriff Arganbright and Guthrie County intruded upon Plaintiff's rights against unlawful seizure by the Guthrie County Sheriff's Office.

87.    The failure of Sheriff Arganbright and Guthrie County to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, the violations of Plaintiff's constitutional rights.

88.    As a direct and proximate result of Sheriff Arganbright and Guthrie County's illegal and unjustified conduct, Steven has and will in the future suffer and incur the following damages:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    f.  Other damages as allowed by law.

**WHEREFORE,** Steven Schoessler, prays for judgment against the aforementioned Defendants Sheriff Arganbright and Guthrie County as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Plaintiff's costs in this action, including but not limited to reasonable attorney's fees and costs available at common law;

    d.  Such relief as the Court deems just and equitable.

### COUNT IV
**VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION**
***Right to be Free from Unreasonable Search – Failure to Provide Policy
Relating to the Towing and Impoundment of Vehicles***
***(Against Guthrie County and Marty Arganbright)***

89.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

90.     At all times material hereto, Shane Jones' actions and/or omissions were made under the color of authority and law as a Deputy Sheriff for the Guthrie County Sheriff's Office.

91.     Deputy Jones testified that the illegal narcotics found in Steven's vehicle would have been found pursuant to the impoundment and an inventory search was conducted.

92.     Deputy Jones testified that the Guthrie County Sheriff's Office did not have a written policy on impounding vehicles for a warrantless inventory search and it was up to the deputy's discretion, violating the holding in *State v. Ingram*, 914 N.W.2d 894 (2018).

93.     Pursuant to *Ingram*, a warrantless impoundment and subsequent inventory search of an automobile by law enforcement must be conducted pursuant to a written policy of the department or office.

94.     Guthrie County has failed to establish, maintain, and/or enforce official policies, patterns, practices, or customs prohibiting law enforcement officers from using their personal discretion in determining when to impound or tow a vehicle for a warrantless inventory search.

95.     Alternatively, Guthrie County has established, maintained, and/or enforced official policies, patterns, practices, or customs permitting law enforcement officers to impound vehicles for purposes of a warrantless inventory search at their own discretion.

15

96.     Prior to the events described *supra*, Guthrie County deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising law enforcement officers on when to impound or tow a vehicle for a warrantless inventory search.

97.     Alternatively, prior to the events described *supra*, Guthrie County deliberately and with reckless disregard for the constitutional rights of its citizens established inadequate and insufficient policy and procedure for training or supervising law enforcement officers to impound vehicles for purposes of a warrantless inventory search at their own discretion.

98.     The acts and/or omissions of Sheriff Arganbright and Guthrie County regarding Guthrie County Sheriff Office officers and employees amounted to deliberate indifference to the rights and safety of citizens, including Plaintiff.

99.     The actions and/or omissions of Sheriff Arganbright and Guthrie County intruded upon Plaintiff's rights against unlawful seizure by the Guthrie County Sheriff's Office.

100.    The failure of Sheriff Arganbright and Guthrie County to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, the violations of Plaintiff's constitutional rights.

101.    As a direct and proximate result of Guthrie County and Marty Arganbright's illegal and unjustified conduct, Steven has and will in the future suffer and incur the following damages:

16

    h.  Deprivation of his constitutional rights;

    i.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    j.  Consequential damages;

    k.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    l.  Punitive damages;

    m. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    n.  Other damages as allowed by law.

**WHEREFORE,** Steven Schoessler, prays for judgment against the aforementioned

Defendants Guthrie County and Marty Arganbright as follows:

    f.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    g.  Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    h.  Plaintiff's costs in this action, including but not limited to reasonable attorney's fees and costs available at common law;

    i.  Punitive damages; and,

    j.  Such relief as the Court deems just and equitable.

<u>COUNT V</u>
### NEGLIGENT SUPERVISION AND TRAINING
***(Against Defendants Marty Arganbright and Dave Reha, individually and Guthrie County and the City of Stuart)***

102.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

103.   Marty Arganbright, Guthrie County, Dave Reha, and the City of Stuart were the employers and/or supervising officers of Deputy Shane Jones and Officer Daniel Irving.

104.   Dave Reha and the City of Stuart were the employers and/or supervising officers of Officer Daniel Irving.

105.   As the employers/supervisors within the Guthrie County Sherriff's Office, Sheriff Arganbright and Guthrie County have a duty to exercise reasonable care in the training and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

106.   As the employers/supervisors within the City of Stuart Police Department, Chief Reha and the City of Stuart have a duty to exercise reasonable care in the training and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

107.   Sheriff Arganbright, Guthrie County, Chief Reha and the City of Stuart knew or should have known of Deputy Jones and Officer Irving's dangerous proclivities and the threat of injury they posed in effectuating their duties.

108.   Sheriff Arganbright, Chief Reha, Guthrie County, and the City of Stuart breached their duty in the negligent and reckless training and supervision of Deputy Jones and Officer Irving.

**WHEREFORE**, the Plaintiff, Steven Schoessler, requests judgment against Defendants Marty Arganbright, Dave Reha, Guthrie County, and City of Stuart in an amount which will fully and fairly compensate him for injuries and damages,

including but not limited to compensatory and punitive damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VI
## RESPONDEAT SUPERIOR
### *(Against Defendants Marty Arganbright and Dave Reha, individually and Guthrie County and the City of Stuart)*

109.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

110.   At all times material hereto, Marty Arganbright and Guthrie County had an employer relationship Shane Jones as an employees.

111.   At all times material hereto, Dave Reha and the City of Stuart had an employer relationship Daniel Irving as an employee.

112.   At all times material hereto, Deputy Jones and Officer Irving were acting within the scope of their employment with the Guthrie County Sheriff's Office and the City of Stuart Police Department.

113.   Under the doctrine of respondeat superior, Sheriff Arganbright, Chief Reha, Guthrie County, and the City of Stuart are liable for the conduct and/or omissions of Deputy Jones and Officer Irving, including violations of the Iowa Constitution.

**WHEREFORE**, the Plaintiff, Steven Schoessler, requests judgment against Defendants Marty Arganbright, Dave Reha, Guthrie County, and City of Stuart in an amount which will fully and fairly compensate him for injuries and damages, including but not limited to compensatory and punitive damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

19

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

GRIBBLE, BOLES, STEWART & WITOSKY LAW

BY:  */s/ Matthew M. Boles*

Matthew M. Boles                AT0001037

BY:  */s/ Adam C. Witosky*

Adam C. Witosky                 AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email:      mboles@gbswlaw.com
            awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on EDMS on April 19, 2023. Subject to the exceptions cited therein, Iowa Court Rule 16.315 provides that this electronic filing, once electronically posted to the registered case party's EDMS account, constitutes service for purposes of the Iowa Court Rules.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

*/s/ Tami Fairchild*

**Electronically filed.**